JOHN HENSHAW & others, Executors, *vs.* HAMMOND WHITNEY & Trustee.

An administrator is not liable as trustee in foreign attachment of a distributee, who owes him debts exceeding the amount of his own distributive share; even if before contracting such debts he executed to the administrator an assignment of such share in fraud of creditors.

DEWEY, J. This process was served upon Joseph Sargent upon the 10th of March 1857, and the question of his liability to be charged as trustee must be decided by the state of facts existing at that time. As administrator of the estate of Sarah W. Gale, he might be summoned as the trustee of Whitney, who was one of her heirs at law, and as such entitled to a distributive share of her estate. But such process, to be effectual, must be served upon the administrator while he has funds in his hands, either present or to be received for distribution.

In the present case, upon the answer of the trustee, it appears that Whitney had no claim upon him at the time of the service of this process, but payments had been made from time to time by him to Whitney to such an amount as, with the acknowledged indebtedness contracted by Whitney to him since the 23d of April 1856, would exceed the entire sum that Whitney was entitled to receive from the estate of Mrs. Gale.

This view of the question would at once dispose of the case, but for the fact that the administrator had, on the 23d of April 1856, taken from Whitney an assignment and transfer of all his interest in the estate of Mrs. Gale, by which the administrator was authorized to receive the same to his own use; and this assignment, it is alleged, was fraudulent against Whitney's creditors, being in fact a secret trust between the parties, by which the administrator would hold the estate to a considerable extent for the benefit of Whitney, and in a manner to delay and hinder his creditors.

Whatever may have been the character of that transaction, and assuming that the assignment might have been no answer to a suit in which he was summoned as trustee of Whitney, yet that does not preclude the administrator from showing, in answer to the present suit, that, at the time of the service upon the trustee, he had in fact paid over to Whitney the sum to which he was entitled as heir at law to Mrs. Gale.

If the creditors of Whitney would have avoided this, they should have seasonably interposed and attached the estate in the hands of the administrator. But if this was not done, the trustee might treat the assignment as a nullity, and proceed to pay to Whitney the amount of his distributive share; and if, without resorting to this assignment, the administrator can show that there is no balance in his hands due or payable to Hammond, he must be discharged. This he has done, and the result follows that the                    *Trustee be discharged.*

*P. C. Bacon,* for the plaintiff.

*E. Washburn,* for the trustee.